**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin P.B. Johnson
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
kevinjohnson@quinnemanuel.com

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH FERNICOLA, Derivatively on Behalf of SNOWFLAKE, INC.<br><br>Plaintiff,<br>v.<br><br>FRANK SLOOTMAN, MICHAEL P. SCARPELLI, BENOIT DAGEVILLE, SRIDHAR RAMASWAMY, MICHAEL SPEISER, KELLY KRAMER, TERESA BRIGGS, MARK GARRETT, JAYSHREE ULLAL, MARK MCLAUGHLIN, and BILL SCANNELL,<br><br>Defendants,<br>and,<br><br>SNOWFLAKE, INC.<br><br>Nominal Defendant. | Case No. 4:26-cv-06513-JST<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER STAYING ACTION** |

Plaintiff Joseph Fernicola ("Plaintiff"), Defendants Frank Slootman, Michael P. Scarpelli, Benoit Dageville, Sridhar Ramaswamy, Michael Speiser, Kelly Kramer, Teresa Briggs, Mark Garrett, Jayshree Ullal, Mark McLaughlin, and Bill Scannell (the "Individual Defendants"), and Nominal Defendant, Snowflake Inc. ("Snowflake," together with Individual Defendants, "Defendants," and with Plaintiff, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this stipulation.

WHEREAS, on June 29, 2026, Plaintiff Joseph Fernicola filed the complaint in this action (ECF No. 1, the "Complaint") against Defendants (the "Derivative Action");

WHEREAS, pending in the United States District Court for the Northern District of California are two putative securities class actions captioned *Patel v. Snowflake Inc., et al.*, Case No. 3:26-cv-01613-JD (the "*Patel* Action") and *Smith v. Snowflake, Inc., et al*., Case No. 3:26-cv-04869-JD (the "*Smith* Action" and together with the *Patel* Action, the "Securities Class Actions");

WHEREAS, on July 23, 2026, the court consolidated the *Smith* Action and the *Patel* Action, vacated all existing deadlines in the *Smith* Action, and ruled that "all claims alleged [in the Securities Actions] shall proceed under the leadership of . . . [the] Lead Plaintiff previously appointed in the *Patel* Action," *see Patel* Action, ECF Nos. 50, 51;

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Derivative Action and the Securities Class Actions, including the relevance of many of the same documents and witnesses;

WHEREAS, Snowflake, Frank Slootman, and Michael P. Scarpelli, named Defendants in this action, are also named as defendants in the Securities Actions;

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, the Parties have agreed that, in light of the apparent overlap between the facts alleged in this Derivative Action and the Securities Class Actions, this Derivative Action should be voluntarily stayed on the terms set forth below pending resolution of the Securities Class Actions;

IT IS ACCORDINGLY HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the Parties, subject to approval by the Court, that:

(a) Defendants hereby accept service of the Summons and Complaint through undersigned counsel, provided, however, that the acceptance of service and entry into this Stipulation shall not waive, and Defendants expressly preserve, all rights, claims and defenses, including, but not limited to, all defenses relating to jurisdiction, other than a defense as to the sufficiency of service of the Complaint.

(b) Upon the Court's endorsement of this Stipulation as an Order of the Court, the Derivative Action shall be stayed in its entirety (including all deadlines, hearings, and conferences) and shall remain stayed pending resolution of the Securities Class Actions. Notwithstanding the foregoing, the Parties hereto may agree to lift the stay, in whole or in part, in a written stipulation filed with the Court, and, for good cause and (except in exigent circumstances) on thirty (30) days' prior written notice to all other Parties, any Party may move the Court to lift the stay, subject to the other Parties' right to oppose such motion or to seek to extend the stay. If the stay is not lifted earlier, then the stay will expire when the Securities Class Actions are finally resolved or otherwise concluded and closed at the U.S. District Court level, and all appeals are resolved or time to appeal has expired. The Parties shall inform the Court within fourteen (14) days following such resolution of the Securities Class Actions.

(c) Within twenty-one (21) days of the termination of this stay, counsel for the Parties shall meet and confer concerning a schedule for further proceedings, including Defendants' deadline to move, answer, or otherwise respond to the Complaint.

(d) Notwithstanding the agreed-upon stay of this action, Plaintiff may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

(e) The Parties shall meet and confer regarding consolidation of any shareholder derivative action filed in, removed to, or transferred to this Court that any Party determines is related to this action, and an application for consolidation of such a shareholder derivative action may be made by Plaintiff, and may be ruled on, notwithstanding the stay, and an application for

appointment of leadership for plaintiffs may be made by Plaintiff, and may be ruled on, notwithstanding the stay if such appointment by the Court has not already been made.

(f) The Parties agree that during the pendency of the stay, Defendants shall promptly notify Plaintiffs upon becoming aware of any related derivative actions, books and records demands pursuant to Section 220, or litigation demands related to the facts and circumstances alleged in this Derivative Action and the Securities Class Actions (collectively "Related Derivative Matters").

(g) During the pendency of the stay, in the event that (i) the court in the Securities Class Actions enters an order that denies in part or in full the anticipated motion to dismiss in the Securities Class Actions, and (ii) the plaintiff(s) in the Securities Class Actions do not further amend the complaint, Defendants shall produce to Plaintiff any documents produced to plaintiffs in the Securities Class Actions, to a derivative plaintiff in a Related Derivative Matter, or pursuant to any related shareholder demand for an inspection of books and records, subject to the execution of a reasonable confidentiality agreement governing the use and disclosure of these materials.

(h) Defendants shall promptly notify Plaintiff upon the scheduling of any mediation or formal settlement discussions in the Securities Actions and shall make a good faith effort to include Plaintiff in any such mediation or formal settlement discussions. In the event that Plaintiff is not included in any mediation or formal settlement discussions in the Securities Actions, Defendants agree to mediate or engage in formal settlement discussions with Plaintiff at or about the same time. Plaintiff's ability to attend and participate in any mediation or formal settlement meeting is contingent upon his agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement meeting.

(i) Defendants shall promptly notify Plaintiff upon the scheduling of any mediation or formal settlement discussions in any Related Derivative Action or Related Demand and shall include Plaintiff in any such mediation or formal settlement discussions, subject to Plaintiff's agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement meeting.

(j) This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in this action.

IT IS SO STIPULATED.

DATED: September 1, 2026

EMERY REDDY, PC

*/s/ Gregory Haroutunian*
GREGORY HAROUTUNIAN

Gregory Haroutunian (SBN 330263)
333 University Avenue, Suite 200
Sacramento, CA 95825
Telephone: (916) 823-6955
gregory@emeryreddy.com

GAINEY McKENNA & EGLESTON
Gregory M. Egleston
260 Madison Avenue, 22nd Floor
New York, NY 10016
Telephone: (212) 983-1300
gegleston@gme-law.com

*Attorneys for Plaintiff*

DATED: September 1, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Kevin P.B. Johnson*
KEVIN P.B. JOHNSON

Kevin P.B. Johnson
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
kevinjohnson@quinnemanuel.com

Jesse Bernstein (*pro hac vice*)
Leigha Empson (*pro hac vice*)
Daniel Sisgoreo (*pro hac vice*)
Kendall Bender (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
jessebernstein@quinnemanuel.com
leighaempson@quinnemanuel.com
danielsisgoreo@quinnemanuel.com
kendallbender@quinnemanuel.com

*Attorneys for Defendants*

* * *

**Attestation Pursuant to Civil Local Rule 5-1(h)(3)**

Pursuant to Local Rule 5-1(h)(3), I hereby attest that all other signatories listed, and on whose behalf this filing is jointly submitted, concur in this filing's content and have authorized me to file this document.

Dated: September 1, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: *~~/s/~~ /s/ Kevin P.B. Johnson*
Kevin P.B. Johnson

*Attorney for Defendants*

# ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: September 23, 2026

THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE